UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION, HATTIESBURG



SANDERSON FARMS, INC. and
SANDERSON FARMS, INC.
(PROCESSING DIVISION)                                    **PLAINTIFFS**

VS.                                    CIVIL ACTION NO. 2:14cv126KS-MTP

NATIONAL LABOR RELATIONS BOARD,
and
KATHLEEN MCKINNEY, in her Official
Capacity as Regional Director of Region 15                **DEFENDANTS**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Sanderson Farms, Inc. and Sanderson Farms, Inc. (Processing Division) (collectively, "Sanderson") assert this Complaint against the National Labor Relations Board ("NLRB") and Kathleen McKinney in her Official Capacity as Regional Director of Region 15 of the National Labor Relations Board ("McKinney") (collectively, "Defendants") and for their claims state as follows:

### INTRODUCTION

1. Sanderson brings this action for declaratory and injunctive relief as a result of Defendants' arbitrary and capricious actions in violation of the Administrative Procedure Act ("APA") in maintaining the prosecution of unfair labor practice charges against Sanderson, despite withdrawal of the charges by Darren Johnson, Deputy Trustee of Local 693, Laborers International Union of North America, AFL-CIO ("LIUNA").

## NATURE OF THIS ACTION

2. Sanderson's Counts One through Four arise under the Administrative Procedure Act, and are asserted against Defendants NLRB and McKinney.

## PARTIES

3. Plaintiff Sanderson Farms, Inc. is a Mississippi corporation, headquartered at 127 Flynt Road, Laurel, Mississippi 39441. Sanderson Farms, Inc. (Processing Division) is a subsidiary of Sanderson Farms, Inc., with two processing plants at issue here located at 1111 N Fir Avenue, Collins, Mississippi 39428 and 28163 Mississippi 28, Hazlehurst, Mississippi. Sanderson Farms, Inc. is a vertically integrated company engaged in the production and processing of poultry.

4. Defendant NLRB is an administrative agency of the United States and has the authority, amongst others, to prevent unfair labor practices in the workplace. The NLRB is headquartered at 1099 14th Street, N.W. Suite 10200, Washington, D.C. 20005-3419.

5. Defendant McKinney is the Regional Director of Region 15 of the NLRB. McKinney is responsible for the investigation of Charge Nos. 15-CA-066574, 15-CA-071103, 15-CA-071104, 15-CA-071119, 15-CA-089244, 15-CA-103890, and 15-CA-109264 ("Charges") filed against Sanderson. The business address for Region 15 and McKinney is 600 South Maestri Place, 7th Floor, New Orleans, Louisiana 70130-6362.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court under 28 U.S.C. §1331 and 28 U.S.C. §§2201, 2202. This action arises under and concerns provisions of the National Labor Relations Act ("NLRA"), 29 U.S.C. §141, *et. seq.*, including, but not limited to, the Board's rulemaking authority under section 6. This action also arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §702, *et. seq.*

7. Venue is proper in this District under 28 U.S.C. §1391(b)(2); (e)(1)(B);(g) because the alleged acts/omissions underlying the Charges occurred at Sanderson's Collins and Hazlehurst plants, which are located in this District, the Charging Party, which filed the Charges or had responsibility and authority for their filing, was the Union which represented the bargaining unit employees at the Collins and Hazlehurst plants, and many of the events or omissions giving rise to Sanderson's claims against Defendants occurred in this District.

8. This Court is authorized to award the requested declaratory, injunctive relief, and/or other relief under the APA, the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and 28 U.S.C. §1361.

## BACKGROUND

9. Laborers International Union of North America, AFL-CIO is an international union which established Local Union 693 for representation of the two collective bargaining units at Sanderson's Collins and Hazlehurst Processing Plants. Laborers Local 693 ("Local 693" and/or "Charging Party"), was located in Collins, Mississippi.

10. During the period 2011-2013, Local 693 filed charges ("Charges") with Region 15 of the NLRB on behalf of eight employees at the Collins and Hazlehurst Plants. Region

    15 deferred an investigation of the Charges to the grievance and arbitration process contained in the collective bargaining agreements between Sanderson and LIUNA on April 30, 2013 and July 31, 2013.

11. In Fall 2013, due to rampant mismanagement, financial improprieties, and legal mistakes, Local 693 was placed in trusteeship by LIUNA under the control of a Trustee, Robert Richardson, and a Deputy Trustee, Darren Johnson ("Deputy Trustee" or "Johnson").

12. Johnson performed due diligence investigations of Local 693's improprieties, in consultation with counsel, and determined that the Charges were without merit. He wrote Defendants on behalf of Local 693 on February 4, 2014 and requested withdrawal of the Charges. (Exhibit A).

13. Upon information and belief, the NLRB contacted Johnson several times, trying to persuade Local 693 to not withdraw its charges.

14. The NLRB revoked the deferral of its investigation in late February 2014, and demanded information, including documents and interviews, with threats of subpoena enforcement, from Sanderson in an effort to prosecute and move the Charges toward filing a complaint.

15. The NLRB refused to allow withdrawal of the Charges by Local 693 asserting that Region 15 was "acting in accordance with outstanding instructions to check with discriminatees . . . before approving the withdrawals." (Exhibit B).

16. Upon information and belief, as of February 27, 2014, only one of the alleged discriminatees named in the Charges had been contacted by the NLRB. This

employee advised the NRLB that she did not want to be included on the charge. (Exhibit C).

17. Local 693's Deputy Trustee's counsel wrote to the NLRB on March 14, 2014 (Exhibit D) and requested that the NLRB provide a copy of its instructions, as referenced in its February 28, 2014 letter (Exhibit B).

18. NLRB Assistant General Counsel Dorothy Wilson ("Wilson") responded to the March 14, 2014 letter (Exhibit D) and stated that "[i]f as has happened here, the discriminatees want to proceed despite the Charging Party's request to withdraw the charge, Regions have been instructed to resume the investigation and determine whether the complaint should issue, absent settlement," could be found in NLRB Case Handling Manual Part One, Unfair Labor Practice Proceedings, Sections 10118.3 and 10120.6, and in General Counsel Memorandum GC 11-05. Section 10120.6 is the instruction that has applicability to this complaint. (Exhibit E).

19. The NLRB falsely represented that it refused to allow withdrawal by Local 693 of its Charges and continued its prosecution and investigation of the Charges on the basis that "the discriminatees want to proceed, despite the Charging Party's request to withdraw the charge." (Exhibits D and E).

20. In fact, the NLRB proceeded to prosecute the Charges contrary to the Charging Party's request to withdraw its Charges and contrary to its published, non-regulatory instruction – Section 10120.6.

21. On April 30, 2014, the Deputy Trustee's legal counsel corresponded with the NLRB (Exhibit F) that he had contacted all nine alleged discriminatees and determined that only three of the nine (Tina Taylor, Takisha McGhee, and Cassander Buckley) had

been contacted by the NLRB since the Deputy Trustee's withdrawal request on February 4, 2014, and that Cassander Buckley specifically advised the NLRB that she did not want to proceed. The six other discriminatees – Curtis Smith, Jr., Rachel Spencer, Rachel Denson, Helen White, L.M. McGhee, and Tremain Lott – did not know they were included in the Charges, never consented to be included in the Charges, had not been contacted by the NLRB, and wanted to be removed from the Charges.

22. Of the three individuals that the NLRB actually contacted, only two wished to proceed – Tina Taylor and Takisha McGhee. McGhee, however, stated to the Deputy Trustee that she believed she was terminated because she filed a worker's compensation claim, and not because of NLRA protected union or protected concerted activity. She has recently provided an affidavit to that effect. Thus, the NLRB has no jurisdiction over her termination. Despite clear evidence that eight of the nine named individuals do not want to pursue the Charges or, in McGhee's case, has not articulated a justiciable claim, the NLRB has continued its prosecution and investigation. (Exhibit F).

23. On May 19, 2014, the Deputy Trustee's legal counsel wrote Wilson and reiterated the information in his April 14, 2014 letter. The Deputy Trustee's counsel also advised Wilson that L.M. Magee, Cassander Buckley, Rachel Spencer, and Helen White had provided written statements that they did not wish to proceed, that Curtis Smith, Jr. stated orally to the Deputy Trustee that he did not wish to proceed, and that Tremain Lott indicated to the Deputy Trustee that he did not wish to appear at a hearing, and thus would likely not cooperate in the prosecution of the Charges. Lastly, he advised

that Rachel Denson, after first speaking with the Deputy Trustee, has failed to return numerous phone calls and to show any interest or wish to be involved in the Charges. The Deputy Trustee's counsel advised that Local 693 wanted the Charges to be withdrawn and further, that it would not be involved in, nor cooperate in, any proceedings with regard to the Charges. (Exhibit G).

24. On May 22, 2014, Sanderson wrote McKinney, cited the above described information and evidence and sought to have the charges withdrawn. Sanderson indicated that the Region's efforts to convince the Deputy Trustee not to withdraw the Charges were a violation of the NLRB's statutory mandate of neutrality, that the NLRB's continued investigation and prosecution was not supported by any "internal guidance" of legal force, and that in fact, the NLRB did not abide by its "internal guidance." (Exhibit H).

25. Upon information and belief, only after being placed on notice by Sanderson of its misrepresentations, did the Region begin to attempt to contact the alleged discriminatees in an effort to remedy those earlier misrepresentations.

26. On June 9, 2014, Sanderson wrote Wilson seeking assistance from the national office of the NLRB for the withdrawal of the Charges, to no avail. (Exhibit I).

27. On June 20, 2014, Wilson responded that she was discussing the matter with the Region and would respond in a week or two (Exhibit J).

28. On July 7, 2014, Wilson responded that the Region's postponement of Local 693's request to withdraw the Charges pending further NLRB prosecution was proper since those Charges contain "evidence." (Exhibit K).

29. Sanderson responded to Wilson on July 14 & 15, 2014, and pointed out that the aforementioned "instructions" in the non-regulatory Case Handling Manual did not set forth "evidence" as a reason to a Regional Director as a discretionary basis for not accepting a charging party's legitimate withdrawal of its charge. (Exhibit L).

30. Sanderson Farms has made good faith attempts to avoid this complaint in correspondence with the Washington and New Orleans NLRB offices. (Exhibits L and M). It offered to Wilson and McKinney's Regional Office to resolve and settle this dispute of NLRB misrepresentation to public stakeholders by agreeing to proceed with the investigation and prosecution of the Charges related to two of the nine alleged discriminatees, Tina Taylor and Takisha McGhee, if the NLRB would accept the Deputy Trustee's withdrawal of the remaining four charges – 15-CA-066574, 15-CA-071103, 15-CA-071104, and 15-CA-071119. Neither Wilson nor McKinney's Regional Office have responded to these offers. (Exhibits L and M).

31. The NLRB is prosecuting these Charges without the consent and, until recently, the knowledge of seven of the employees and former employees named in the Charges, without a justiciable claim for another former employee named in the Charges, and contrary to Local 693's request to withdraw its Charges.

32. The NLRB is prosecuting these Charges and has violated its duty of neutrality by attempting to convince Local 693 to maintain the Charges.

33. The NLRB and McKinney made material misrepresentations to Local 693 and to Sanderson that they had contacted the employees and former employees named in the Charges and were proceeding due to their knowledge and/or consent.

## COUNT ONE:
## APA – NO AUTHORIZING RULE OR REGULATION
### (Against Defendants NLRB and McKinney)

34. Sanderson incorporates paragraphs 1 through 33 by reference, as though fully set forth herein.

35. Section 6 of the NLRA authorizes the NLRB to promulgate "rules and regulations as may be necessary to carry out the provisions of this Act." 29 U.S.C. §156. The NLRB has issued no rule or regulation that, upon a Charging Party's withdrawal of a charge, it must "check with discriminatees in cases with Section 8(a)(1) or 8(a)(3) discrimination or 8(a)(5) cases with Section 7 implication or serious economic harm to discriminatees, before approving withdrawals" or that "[i]f . . . the discriminatees want to proceed despite the Charging Party's request to withdraw the charge, Regions have been instructed to resume the investigation and determine whether complaint should issue, absent settlement." (Exhibit B).

36. The action by the NLRB and McKinney in refusing to accept the withdrawal of the Charges after the Charging Party's legitimate and regulatory authorized request, and to continue its prosecution of these Charges violates the APA's prohibition against federal agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" 5 U.S.C. §706(a)(2), the APA's prohibition against federal agency action that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory rights" 5 U.S.C. §706(a)(2), and the APA's prohibition against federal agency action that is "without observance of procedure required by law." 5 U.S.C. §706(2)(D).

## COUNT TWO:
## APA – NO AUTHORIZING RULE OR REGULATION
### (Against Defendants NLRB and McKinney)

37. Sanderson incorporates paragraphs 1 through 36 by reference, as though fully set forth in herein.

38. Section 6 of the NLRA authorizes the NLRB to promulgate "rules and regulations as may be necessary to carry out the provisions of this Act." 29 U.S.C. §156. The NLRB has issued no rule or regulation that, upon a Charging Party's withdrawal of a charge, it must "check with discriminatees in cases with Section 8(a)(1) or 8(a)(3) discrimination or 8(a)(5) cases with Section 7 implication or serious economic harm to discriminatees, before approving withdrawals" or that "[i]f . . . the discriminatees want to proceed despite the Charging Party's request to withdraw the charge, Regions have been instructed to resume the investigation and determine whether complaint should issue, absent settlement." (Exhibit B).

39. The NLRB, through Wilson and McKinney, have stated that "evidence" in Charges 15-CA-066574, 071103, 071104, and 071119 may be "relevant" to the other three charges as a basis to postpone accepting the Charging Party's request to withdraw its Charges.

40. The action by the NLRB and McKinney in refusing to accept the withdrawal of the Charges after the Charging Party's request violates the APA's prohibition against federal agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" 5 U.S.C. §706(a)(2), the APA's prohibition against federal agency action that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory rights" 5 U.S.C. §706(a)(2), and the APA's

prohibition against federal agency action that is "without observance of procedure required by law." 5 U.S.C. §706(2)(D).

### COUNT THREE:
### APA – NO AUTHORIZING RULE OR REGULATION
### (Against Defendants NLRB and McKinney)

41. Sanderson incorporates paragraphs 1 through 40 by reference, as though fully set forth herein.

42. Section 6 of the NLRA authorizes the Board to promulgate "rules and regulations as may be necessary to carry out the provisions of this Act." 29 U.S.C. §156.

43. Section 7 of the NLRA protects the rights of employees to "self-organization, to form, join, or assist labor organizations" and to engage in "other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. §157. Section 8 of the NLRA makes it an unfair labor practice for an employer "to interfere with, restrain or coerce employees" in the exercise of those guaranteed rights." 29 U.S.C. §158. The NLRB has issued no rule or regulation that authorizes it to address worker's compensation retaliation as an unfair labor practice, and such claims fall within the exclusive jurisdiction of state worker's compensation laws.

44. Takisha McGhee, a discriminatee in one of the Charges, stated to the Deputy Trustee that she believes that she was terminated because she filed a worker's compensation claim. Such a claim is outside the NLRB's jurisdiction.

45. The action by the NLRB and McKinney in refusing to accept the withdrawal of the Charges after the Charging Party's request violates the APA's prohibition against federal agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" 5 U.S.C. §706(a)(2), the APA's prohibition

11

against federal agency action that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory rights" 5 U.S.C. §706(a)(2), and the APA's prohibition against federal agency action that is "without observance of procedure required by law." 5 U.S.C. §706(2)(D).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Sanderson Farms, Inc. and Sanderson Farms, Inc. (Processing Division) pray for the following relief:

1. A declaratory judgment that the action taken by Defendants NLRB and McKinney not to accept the Charging Party's request to withdraw its Charges violates the APA;

2. A declaratory judgment that the action taken by Defendants NLRB and McKinney in refusing to dismiss Takisha McGhee's Charge Nos. 15-CA-103890 & 15-CA-109264 for lack of jurisdiction violates the APA;

3. A permanent injunction prohibiting Defendants NLRB and McKinney from prosecuting Local 693's Charges against Sanderson, or, in the alternative, an order that the NLRB assign the Charges and their disposition to another of its Regions;

4. An award of attorney fees and costs to Sanderson in accordance with applicable legal standards; and

5. Such other and further relief that the Court deems appropriate.

Respectfully submitted this \_\_11\_\_ day of August, 2014.

*[signature]*

Richard O. Burson, MS Bar No. 7580
GHOLSON BURSON ENTREKIN & ORR, PA
535 North 5th Avenue
Laurel, MS 39440
Telephone: (601) 649-4440
Facsimile: (601) 649-4441
E-mail: burson@gbeolaw.com

and

Clyde H. Jacob III, LA Bar Roll No. 7205
*(to be admitted pro hac vice)*
Coats Rose Yale Ryman & Lee
365 Canal Street, Suite 800
New Orleans, LA 70130
Telephone: 504-299-3072
Facsimile: 504-299-3071
Email: cjacob@coatsrose.com

*Attorneys for Plaintiffs Sanderson Farms, Inc. and Sanderson Farms, Inc. (Processing Division)*