IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SANDERSON FARMS, INC.,** *et al.*                                                             **PLAINTIFFS**

**V.**                                                             **CIVIL ACTION NO. 2:14-CV-126-KS-MTP**

**NATIONAL LABOR RELATIONS BOARD,** *et al.*                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendants' Motion to Dismiss [12] for lack of jurisdiction. Accordingly, this case is dismissed without prejudice.

## I. BACKGROUND

From 2011 to 2013, seven unfair labor practice charges [12-2, 12-3, 12-4, 12-5, 12-9, 12-10, 12-11] were filed with the National Labor Relations Board ("NLRB") against Plaintiff by the Laborers' International Union of North America ("LIUNA") Local 693 and/or its members in their individual capacities. The charging parties alleged that Plaintiff had unlawfully interfered with, restrained, and/or coerced its employees in violation of Section 8(a) of the National Labor Relations Act ("NLRA"). *See* 29 U.S.C. § 158(a).

On September 14, 2012, the NLRB issued a complaint and notice of hearing [12-6] against Plaintiff related to four of the charges (Nos. 15-CA-066574, 15-CA-071103, 15-CA-071104, and 15-CA-071119), but on May 7, 2013, it dismissed the complaint and withdrew the notice of hearing [12-7]. The agency deferred further proceedings [12-8] to the parties' grievance process, but it represented that it would continue to monitor the situation and could, under certain circumstances, resume processing the charges. The

NLRB never issued a complaint related to the remaining three charges (Nos. 15-CA-089244, 15-CA-103890, and 15-CA-109264), but on April 30, 2013, it deferred further proceedings [12-12] to the parties' grievance process and represented that it might, under certain circumstances, resume processing the charges.

On September 17, 2013, LIUNA placed Local 693 into trusteeship, and on February 4, 2014, the Deputy Trustee requested withdrawal of the unfair labor practice charges [1-2]. However, on February 24, 2014, the NLRB revoked its deferral and resumed processing the charges [12-13], and on February 28, 2014, the NLRB declined the union's request to withdraw the charges [1-3]. It stated: "If, as has happened here, the discriminatees want to proceed despite the Charging Party's request to withdraw the charge, Regions have been instructed to resume the investigation and determine whether complaint should issue, absent settlement." The NLRB's decision was based, at least in part, on its belief that the union did not settle the grievances, but that it "decided to drop the grievances for other reasons." The NLRB reiterated its position in a letter dated March 25, 2014 [1-6] and directed Plaintiff's counsel to the relevant agency guidelines.

Accordingly, the NLRB resumed processing the charges, and it sought evidence from Plaintiff, eventually issuing subpoenas [12-17, 12-18]. Plaintiff filed petitions to revoke the subpoenas, but the NLRB denied the petitions [12-21, 12-22]. In the interim, Plaintiff attempted to negotiate with the NLRB [1-9, 1-10] representing that it would cooperate in the investigation of some of the charges if the NLRB would approve withdrawal of the others. The NLRB declined the offer [1-11, 1-12]. It stated that the union could not withdraw the charge in one of the cases (No. 15-CA-089244) insofar as

2

the charging party was the alleged discriminatee, Tina Taylor. It further represented that it would address the union's withdrawal requests after it investigated and decided whether to proceed with the pending cases.

On August 11, 2014, Plaintiff filed a Complaint [1] with this Court. Plaintiff contends that the NLRB and its Regional Director, Kathleen McKinney, violated certain sections of the Administrative Procedures Act ("APA"). 5 U.S.C. § 702, *et seq.* Plaintiff claims that Defendants' refusal to accept Local 693's withdrawal of the pending charges or to dismiss some of the charges violates the APA. Defendants filed a Motion to Dismiss [12] for lack of jurisdiction, which the Court now addresses.

## II. DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). "A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009). "In evaluating subject matter jurisdiction on a motion to dismiss a court may consider (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tewari De-Ox Sys. v. Mt. States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). The Court elects to only consider the pleadings and undisputed facts evidenced in the record. Therefore, it must "consider the allegations in the plaintiff's complaint as true." *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010). The party

3

asserting jurisdiction bears the burden of showing that subject matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The parties agree that, generally, "a plaintiff must exhaust all available administrative remedies before coming to a federal court for relief . . . ." *Am. Gen. Ins. Co. v. FTC*, 496 F.2d 197, 199 (5th Cir. 1974). This requirement applies to administrative proceedings before the NLRB. *Myers v. Bethlehem Shipbuilding, Corp.*, 303 U.S. 41, 58 S. Ct. 459, 82 L. Ed. 638 (1938). The NLRA provides a specific course of judicial review following the Board's final order – in the courts of appeals, rather than the district courts. 29 U.S.C. § 160(f). "[A]ny effort by the Federal District Courts to review or supervise unfair labor practice proceedings prior to the issuance of the Board's final order is at war with the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Bokat v. Tidewater Equipment Co.*, 363 F.2d 667, 671 (5th Cir. 1966) (quoting *Myers*, 303 U.S. at 50-51).

Plaintiff argues that this case falls within the exception to the administrative exhaustion requirement articulated in *Leedom v. Kyne*, 358 U.S. 184, 79 S. Ct. 180, 3 L. Ed. 2d 210 (1958). Under *Kyne*, "a plaintiff may secure judicial review when an agency exceeds the scope of its delegated authority or violates a clear statutory mandate." *Lundeen v. Mineta*, 291 F.3d 300, 312 (5th Cir. 2002); *see also Exxon Chems. Am. v. Chao*, 298 F.3d 464, 468 (5th Cir. 2002). *Kyne* permits "injunctions only in a very narrow situation in which there is a plain violation of an unambiguous and mandatory provision of the statute. Review . . . is permissible only if the agency's error is of a *summa* or

*magna* quality as contraposed to decisions which are simply *cum* error. Only the egregious error melds the agency's decision into justiciability." *Id.* (punctuation and footnotes omitted). "[T]he exception allowing review of an agency action allegedly 'in excess of authority' must not simply involve a dispute over statutory interpretation. . . . The agency's challenged action must be so contrary to the terms of the relevant statute that it necessitates judicial review independent of the provisions of the relevant statute." *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 293 (5th Cir. 1999). "Moreover, an important element underlying the decision in *Kyne* was the fact that the Board's egregious disregard for the plain words of the Act would wholly deprive the [plaintiff] of a meaningful and adequate means of vindicating its rights." *Id.*

According to the Complaint [1], Plaintiff contends that Defendants acted outside the scope of their authority refusing to permit withdrawal of the charges against it. Congress gave the NLRB authority to promulgate "such rules and regulations as may be necessary to carry out the provisions of this Act." 29 U.S.C. 156. Those regulations provide that "[w]ithdrawal may . . . be requested on the initiative of the complainant," 29 C.F.R. § 101.5, but "[a]ny such charge may be withdrawn, prior to the hearing, only with the consent of the regional director with whom such charge was filed . . . ." 29 C.F.R. § 102.9. The Fifth Circuit explained:

> Requests to withdraw charges filed with the Board may arise, and be dealt with, in varying contexts. There may be a unilateral request by the complainant for withdrawal of charges, 29 C.F.R. § 101.5, which may or may not be part of a settlement between the parties, and, if there is a settlement agreement, it is not necessarily revealed to the Regional Director. The Regional Director's consent to the unilateral request for withdrawal is required, *NLRB v. Wemyss*, 212 F.2d 465, 468 (9th Cir.

5

> 1954); 29 C.F.R. § 102.9, which is consistent with the duty of the Board to enforce public rights rather than private rights. *See Garner v. Teamsters, Chauffeurs & Helpers, Local Union 776*, 346 U.S. 485, 492, 74 S. Ct. 161, 166, 98 L. Ed. 228, 240 (1953). For example, a private party might conclude that it is in his best interest to withdraw a charge; the Regional Director, however, could conclude that the public interest would be better served by a formal resolution of the dispute.

*Gulf States Mfrs., Inc. v. NLRB*, 598 F.2d 896, 901 (5th Cir. 1979). Therefore, Defendants, in declining to permit withdrawal of the charges, were well within their statutory and regulatory discretion, and the *Kyne* exception does not apply. *See Lundeen*, 291 F.3d at 312 (where agency's alleged actions did not violate statute or regulation, *Kyne* did not apply); *Chao*, 298 F.3d at 468 (where agency did not exceed its congressionally delegated authority, *Kyne* exception did not apply).

The Court further notes that *Kyne* does not apply unless the agency's error is so "malignant" or "egregious" that it "would wholly deprive the [plaintiff] of a meaningful and adequate means of vindicating its rights." *Herman*, 176 F.3d at 293. Even if Plaintiff had a right to withdrawal of the charges without the Regional Director's consent, "an adequate judicial review" process is provided at 29 U.S.C. § 160(e), (f). *Bokat*, 363 F.2d at 672; *Titan Int'l, Inc. v. Wells*, No. 5:01-CV-175, 2001 U.S. Dist. LEXIS 17240, at *14-*15 (S.D. Miss. Aug. 24, 2001).

Finally, the Court notes that the APA only provides for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704. "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." *Id.* "As a general matter, two conditions must be

satisfied for agency action to be final: First, the action must mark the consummation of the agency's decisionmaking process – it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Belle Co., LLC v. United States Army Corps of Eng'rs*, 761 F.3d 383, 388 (5th Cir. 2014). "The APA's judicial review provision also requires that the person seeking APA review of final agency action have no other adequate remedy in court." *Id.*

Here, the NLRB has not taken any final action. None of Plaintiff's rights or obligations have been determined. No legal consequences resulted from the Regional Director's decision to withhold consent for withdrawal of the charges. In fact, Plaintiff's apparent goal is to *prevent* the determination of any rights or obligations through the administrative process. And the Court notes again that Plaintiff has an adequate remedy for judicial review: the process provided at 29 U.S.C. § 160(e), (f). *Bokat*, 363 F.2d at 672; *Well*s, 2001 U.S. Dist. LEXIS 17240 at *14-*15.

### III. CONCLUSION

For these reasons, the Court **grants** Defendants' Motion to Dismiss [12] for lack of jurisdiction. This case is dismissed without prejudice.

SO ORDERED AND ADJUDGED this 15th day of April, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE